FIRST STATE BANK OF HALE CENTER v. McINTIRE.

(Court of Civil Appeals of Texas. Amarillo. Dec. 16, 1911.)

BILLS AND NOTES (§ 332*) — TRANSFER BY GUARDIAN—EFFECT OF NOTICE OF OWNERSHIP.

Though a note received by a guardian for the estate was payable to him individually, if, when defendant bank acquired possession of the note in a transaction with the guardian as an individual, it knew that the note belonged to the estate, it acquired no title to the note, and the guardian is properly entitled to recover it.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 332.*]

Appeal from District Court, Hale County; L. S. Kinder, Judge.

Action by John E. McIntire, guardian, against the First State Bank of Hale Center. Judgment for plaintiff, and defendant appeals. Affirmed.

E. Graham, Theodore Mack, and L. W. Dalton, for appellant. Y. W. Holmes, for appellee.

GRAHAM, C. J. The record in this case shows that prior to the time of the transaction out of which this suit grew, at the time thereof, as well as at the time of the trial below, Jno. E. McIntire was the legal guardian of the estates of Gilla, Don, Paul, and Euna Wallen, minors; that during said time the said McIntire carried an account on the books of appellant bank in his individual name only; that in said account was carried on deposit the funds belonging to his wards, as well as his private funds; that, in drawing against said account for the benefit of the estates of which he was guardian, McIntire signed checks as guardian, and in drawing checks against said accounts for his individual affairs he signed them only in his individual capacity; that all of said checks were paid by the bank, though the record fails to show that any arrangement had been made by McIntire with the bank resulting in their so honoring and paying said checks; that, as a result of McIntire's dealings with said bank, he became indebted to it in sums represented by several notes, executed in his individual capacity, three of which remained unpaid at the time of the trial below; that, at a time when McIntire was heavily indebted to the bank, the probate court of Hale county, in which said guardianship was pending, on proper application, ordered a sale of certain lands located in Hale county, belonging to said wards, at a gross price of $3,200, on terms of $1,600 cash and the balance of $1,600 to be evidenced by a note bearing 10 per cent. interest, and secured by a lien on the land; that a man by the name of West became the purchaser of the land, but that, in closing the sale to him, he paid the consideration of $3,200 by executing the $1,600 vendor's lien note, as provided for in the order of the probate court, paid $1,171.91 in cash, and executed his individual note, payable on its face to Jno. E. McIntire (not as guardian, but individually), for the balance of the purchase price, said note being for the sum of $428.09, due five months after its date, and bearing 10 per cent. interest from its date and providing for 10 per cent. as attorney's fees; that the bank, through its proper officer, knew of the order of the probate court and its terms, and also knew that the $428.09 note represented a part payment of the purchase price at which said land had been sold, at the time said notes were placed in the bank, as hereinafter mentioned; that the notes bear date July 23, 1910, but that the sale was not finally consummated until about August 3, 1910, and after the probate court had confirmed a report of said sale made to it, which report of sale represented the sale as having been made in accordance with the order authorizing the sale; that at the time, and before the sale was closed, McIntire represented to the bank that, for commissions as guardian and advances made by him as guardian to the estate, it was indebted to him in the sum of about $1,000, and promised when the sale was consummated to convey to the bank his equity in said estate as security or in settlement of his indebtedness to the bank, though the evidence is conflicting as to whether he agreed to convey his equity in settlement or as security for his entire indebtedness to the bank, or as security or in settlement of a certain portion of it, to wit, a note for the sum of $350; that, when the sale of the land was finally consummated, the $1,600 vendor's lien note, as well as the $428.09 note, and at least a portion of the cash arising from the sale of said land, passed into the hands of the bank,

with a full knowledge on its part as to the source from which said assets came; that thereafter the bank claimed the right to hold and appropriate said $428.09 note on the entire indebtedness of McIntire, due the bank, while McIntire claimed that, under his agreement with the bank, it only had a right to hold said $428.09 note as collateral to secure the payment of a certain $350 note owed by him to the bank.

The record shows that the guardian filed a report in the probate court on September 21, 1910, showing total receipts in the sum of $4,513.09, and showing total expenditures for the estate in the sum of $4,237.77, and the other evidence fails to show that any order had ever been made in the probate proceedings allowing or setting aside to the guardian anything for commissions or to cover any advances he may have made for the benefit of the estate, from his private funds, though the evidence shows that, after the proceeds arising from the sale of the land were left at the bank, McIntire continued to draw checks against the bank, which were paid until there was practically no cash left in the bank to McIntire's credit at the time of the trial. McIntire testified that it was his opinion that about one half of the funds drawn by him from the bank were for his private use, and the other half for the use of the estate; and the evidence tends to show that a portion of the funds so used by McIntire were used by him in paying some of his obligations to the bank. The record shows that the $350 note had been paid by McIntire to the bank before the trial court.

This suit was brought by Jno. E. McIntire, as guardian, against the bank, for the title and possession of the $1,600 vendor's lien note and the $428.09 note, and in the alternative for their value in conversion. During the progress of the trial before a jury, the bank in open court renounced all claim to the $1,600 vendor's lien note and delivered it in open court to appellee. At the conclusion of the introduction of evidence in the trial below, before a jury, the trial court gave a peremptory instruction for the plaintiff, appellee in this court, and, verdict having been so returned, judgment was rendered in favor of Jno. E. McIntire, as guardian, and against the bank for the value of the $428.09 note, with interest, with a provision in the judgment that it could be satisfied by a delivery of the note to plaintiff. From which judgment the bank has appealed to this court on a supersedeas appeal bond.

Complaint is made in this court of certain rulings made by the trial court on pleadings, as well as on the introduction of evidence; but, in view of the peremptory instruction given by the trial court and the conclusion we have reached as to the proper disposition of this appeal, these matters become immaterial, and we will proceed to consider and dispose of the appeal on the issue of whether there was any evidence introduced on the trial below requiring the submission of any issue of fact arising therefrom to the jury; that is, whether or not the trial court committed an error in giving the peremptory instruction.

Appellant contends that as the record shows that, at the time the $428.09 note was delivered to the bank as collateral to secure the indebtedness of Jno. E. McIntire to the bank, McIntire was actually indebted to the bank in a sum in excess of the value of the note, as a matter of law, McIntire had power to make said contract, and that the bank acquired a right to the note thereby that was binding against the estate.

The record is not clear as to the amount, if any, the estate was due McIntire at the time the bank acquired possession of the note, though it tends to show that the estate was indebted to him at that time in a sum in excess of the face value of the note. The evidence also tends to show, however, that at the time the suit was filed, as well as at the time of the trial below, McIntire had appropriated to his own use funds belonging to the estate to such an extent as that the estate was not indebted to him in any sum, and, further, that McIntire was insolvent; in fact, the record tends strongly to show that this suit was brought at the instance of and for the protection of McIntire's bondsmen as guardian of the estate of his wards.

The record, as a whole, shows that the bank knew when it acquired possession of the note, as well as when it had its negotiations with McIntire therefor, that said note was the property of the estates of which McIntire was guardian, and it being a fact that same had not been set aside to him by any order of the probate court in settlement with him of such claim, if any, as he may have had at that time against the estate, the bank, as a matter of law, acquired no legal right or title to the note, and, as there is no conflict shown by the record under the evidence on these matters, the question as to the kind of contract McIntire actually made with the bank, as well as the actual amount of the claim, if any, McIntire at that time owed against the estates, could not as a matter of law affect the rights of the estates of which he was guardian, and to which the note belonged. U. S. Fidelity & Guaranty Co. v. Adue & Lobet, 137 S. W. 648, and same case on rehearing 138 S. W. 383.

The record showing, as it does without question or conflict in the evidence, that the note in controversy was a part of the proceeds arising from the sale of lands belonging to the estate of which McIntire was guardian, and therefore the property of his wards, and that the bank so knew from the time of its execution to the time of the trial

below, we hold that no attempted transfer thereof by McIntire to the bank could vest any right in the bank to either the possession or title to the note as against McIntire as guardian of the estate of his wards, the record failing to show any order of the probate court or any other proceeding divesting said wards of their title thereto; and, as the title and possession of the note was the only real issue in the case under the pleadings and the evidence, we hold that the trial court was amply warranted in giving the peremptory instruction to the jury, and that the verdict and judgment are sustained by the pleadings and the evidence.

It follows, from what we have said, that the judgment of the court below must be affirmed, and it is, accordingly, so ordered.